151 F.3d 108
 Caroline TERRAFRANCA; Gregory Terrafranca, her husband, Appellants,
v.
VIRGIN ATLANTIC AIRWAYS LTD.; XYZ Corporations, 1-3; John
Does, 1-3; Jane Does, 1-3, Appellees.
 No. 97-5069.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 30, 1997.
Decided July 23, 1998.
 
 Robert J. Ferb (Argued), Somerville, NJ, for Appellants.
 Christopher Carlsen (Argued), New York City, John R. Altieri, Hackensack, NJ, for Appellees.
 Before: NYGAARD, McKEE and WEIS, Circuit Judges.
 OPINION OF THE COURT
 NYGAARD, Circuit Judge.
 
 
 1
 Caroline Terrafranca and her husband sued Virgin Atlantic Airways for the results of trauma Mrs. Terrafranca allegedly incurred during a bomb scare on an international flight. The district court granted summary judgment to Virgin Atlantic, ruling that Mrs. Terrafranca's fear, emotional distress, and the consequences were not compensable under the Warsaw Convention, which defines and limits an international air carrier's liability. We will affirm.
 
 I.
 
 2
 Caroline Terrafranca and her family were passengers on an international Virgin Atlantic flight to London, England, when the captain learned of a bomb threat against the plane. The threat was classified as a "nonspecific warning which could be related to one or more targets but where there could be doubt as to its credibility or about the effectiveness of existing security measures." Nonetheless, the captain followed Virgin Atlantic's protocol and informed the passengers of the bomb threat. Mrs. Terrafranca became very upset and concerned about the safety of her son. Several flight attendants attempted to calm her. The plane landed at Heathrow Airport where the passengers safely disembarked, and where it was discovered that the bomb threat was a hoax.
 
 
 3
 Mrs. Terrafranca alleges that she was extremely upset by the ordeal. Too frightened to return to the United States with her family as scheduled, she instead remained in London for six weeks to visit a physician and take medicine for her nerves. She claims that she still suffers from extreme emotional distress--specifically post traumatic stress disorder complicated by anorexia. She has a reduced appetite due to nervousness and has lost 17 pounds. She also contends that she has lost desire to socialize with her husband and is generally unwilling to work in the family business.
 
 
 4
 Mrs. Terrafranca sued Virgin Atlantic for what she suffered from the bomb scare, and Mr. Terrafranca asserted a derivative claim for loss of consortium. The district court granted Virgin Atlantic's motion for summary judgment, holding that the Terrafranca's injuries were not compensable under the Warsaw Convention.[1] Alternatively, the district court held that Mrs. Terrafranca demonstrated neither the existence of her injuries, nor that they were proximately caused by the accident.
 
 II.
 
 5
 Our review on appeal decocts to a single issue: the proper interpretation of the limitations contained in Article 17 of the Warsaw Convention. The Warsaw Convention is an international treaty designed to unify the signatory nations' laws governing international air transportation. Article 17 of the Convention limits actions by expressing the conditions under which an international air carrier can become liable for injuries to its passengers:
 
 
 6
 "The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking."
 
 
 7
 49 Stat. 3018.
 
 
 8
 The Convention itself does not define "bodily injury," and the precise issue before us has not been decided. Nonetheless, the pathway for our analysis is well-groomed by the Court's opinion in Eastern Airlines, Inc. v. Floyd, 499 U.S. 530, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991), which parsed the meaning of the phrase "lesion corporelle" (which it translated from the French text as "bodily injury"), and held that the phrase did not encompass "purely psychic" injuries. Floyd held that a carrier is liable only when three conditions are met: a passenger suffers (1) bodily injury in (2) an accident that occurred while (3) on board, embarking, or disembarking. Id. at 535-36, 111 S.Ct. at 1494. Here, the parties agree that the bomb scare constituted an accident on board the aircraft, so the only issue is whether Mrs. Terrafranca suffered the requisite bodily injury.
 
 III.
 
 9
 The appellees argue that Mrs. Terrafranca suffered a purely psychic injury, which is not compensable under the Convention. Mrs. Terrafranca has not alleged direct bodily injury. She argues that her weight loss is a physical manifestation of emotional injury, sufficient under Floyd to be considered as a "bodily injury," thus qualifying for recovery. We agree with appellee.
 
 A.
 
 10
 The Supreme Court analyzed Article 17's "bodily injury" requirement in Floyd. In Floyd all three engines of an airplane failed shortly after takeoff. When the plane began losing altitude, the crew informed the passengers that they would ditch the plane in the ocean. Fortunately, however, the crew managed to restart an engine and land the plane safely at an airport. A group of passengers then sued the airline solely for mental distress arising out of the incident. Id. at 533, 111 S.Ct. at 1492. Thus, the narrow issue the Court decided was whether the "bodily injury" requirement was satisfied when a passenger suffered only a mental or psychic injury. Id. at 536, 111 S.Ct. at 1494.
 
 
 11
 To answer that question, the Court gave the specific words of the treaty a meaning consistent with what it believed was "the shared expectations of the contracting parties," and found it "unlikely that [the contracting] parties' apparent understanding of the term 'lesion corporelle' as 'bodily injury' would have been displaced by a meaning abstracted from the French law of damages." Id. at 540, 111 S.Ct. at 1496. They found no indication that "the drafters or signatories of the Warsaw Convention specifically considered liability for psychic injury...." Id. at 544, 111 S.Ct. at 1498. Indeed, because a remedy for psychic injuries was unavailable in "many, if not most, jurisdictions in 1929, the drafters most likely would have felt compelled to make an unequivocal reference to purely mental injury if they had specifically intended to allow such recovery." Id. at 545, 111 S.Ct. at 1498-99.
 
 
 12
 The Court also concluded that, according to bilingual dictionaries, the proper translation was "bodily injury," which would not permit recovery for purely psychic injuries. Id. at 536-37, 111 S.Ct. at 1494. "[I]n French legal usage, the term 'lesion corporelle' refers only to physical injuries." Id. at 538-39, 111 S.Ct. at 1495. A plausible interpretation of that phrase indicated a "general category of physical injuries that includes internal injuries caused, for example, by physical impact, smoke or exhaust inhalation, or oxygen deprivation." Id. at 541, 111 S.Ct. at 1496. It considered the "bodily injury" translation to be consistent with both the negotiating history of the Convention, id. at 542, 111 S.Ct. at 1497, and its primary purpose of "limiting the liability of air carriers in order to foster the growth of the fledgling commercial aviation industry," id. at 546, 111 S.Ct. at 1499. Therefore, the Court held that "Article 17 does not allow recovery for purely mental injuries." Id. at 534, 111 S.Ct. at 1493.
 
 
 13
 At every stage of its analysis, the Court focused on bodily injury, not subsequent manifestations, concluding that the bodily injury requirement has "a distinctly physical scope." Id. at 547, 111 S.Ct. at 1500; see also Rosman v. Trans World Airlines, Inc., 34 N.Y.2d 385, 358 N.Y.S.2d 97, 314 N.E.2d 848, 855 (1974) ("[T]he ordinary, natural meaning of 'bodily injury' as used in article 17 connotes palpable, conspicuous physical injury....").
 
 B.
 
 14
 Mrs. Terrafranca argues, however, that Floyd requires her to demonstrate only physical manifestation of injury, not bodily injury. She is wrong. She bases this claim on one isolated sentence at the very end of Floyd: "We conclude that an air carrier cannot be held liable under Article 17 when an accident has not caused a passenger to suffer death, physical injury, or physical manifestation of injury." 499 U.S. at 552, 111 S.Ct. at 1502.
 
 
 15
 After the Court's exhaustive examination of the French text of the Warsaw Convention, its legislative history, French dictionaries, French civil law, the intent of the signatory nations, treatises, and similar international treaties, and the Court's determination that Article 17 requires "bodily injury," Mrs. Terrafranca's argument is simply not persuasive. The Court's thorough analysis simply offers no support that "lesion corporelle" means anything other than "bodily injury." Indeed, the plaintiffs in Floyd complained of sleeplessness, arguably a physical manifestation of emotional injury, yet the Court dismissed their claims. Thus, although the Court did not further define the phrase "physical manifestation of injury," we conclude that it cannot mean anything less than bodily injury, which is specifically required by Article 17.
 
 
 16
 We reject the argument that we can ignore the full text of the Court's opinion and the plain language of Article 17 because of imprecise dictum at the end of the opinion.[2] In the sentence immediately following the one Mrs. Terrafranca favorably cites, the Court reverts to the phrase "physical injuries." Id. Again, the repeated emphasis on "physical injury" underscores the central holding of Floyd: a passenger cannot recover absent bodily injury. We therefore conclude that the Court's "physical manifestation" language refers only to "bodily injury," which otherwise appears throughout the text.
 
 
 17
 One other district court has recognized the incongruity of this "physical manifestation" language. In Tseng v. El Al Israel Airlines, Ltd., 919 F.Supp. 155, 157 (S.D.N.Y.1996), the airline searched a passenger "first by feeling her body by hand outside her clothes from head to toe, and then with an electronic security wand." The passenger then sued for the headaches, upset stomach, ringing in her ears, nervousness and sleeplessness she suffered after the search. Id. Acknowledging the "physical manifestation" language in Floyd, the court nevertheless held that the passenger did not sustain the requisite bodily injury: "Although her injuries may have had physical manifestations, those are the types of psychic or psychosomatic injuries barred by Floyd and not the 'bodily injury' for which compensation is available under Article 17 of the Convention." Id. at 158. Thus, the court recognized that Article 17 and Floyd establish bodily injury as the prerequisite to recovery; mere physical manifestations of emotional injuries are not sufficient.
 
 
 18
 In sum, the text of the Warsaw Convention establishes "bodily injury" as a precondition to recovery. The Supreme Court endorsed this translation in Floyd and held that this requirement has a distinctly physical scope. We therefore hold that Mrs. Terrafranca must demonstrate direct, concrete, bodily injury as opposed to mere manifestation of fear or anxiety.
 
 IV.
 
 19
 Taking all of Mrs. Terrafranca's allegations as true, we find she has not suffered the requisite bodily injury. First, she alleges post traumatic stress disorder complicated by anorexia. Next, she alleges loss of desire to socialize with her husband and work in the family business. Finally, Mrs. Terrafranca alleges a 17 pound weight loss, which she argues is a physical manifestation of her emotional distress. Mrs. Terrafranca's psychiatrist described her injuries as emotional, testifying that she feels fearful, anxious, and isolated from people. These are purely psychic injuries that do not qualify as bodily injuries under the Warsaw Convention. Floyd, 499 U.S. at 552, 111 S.Ct. at 1502. The district court correctly granted summary judgment in favor of Virgin Atlantic on this basis. We will affirm.
 
 
 
 [1]
 Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934) (reprinted in note following 49 U.S.C. § 40105)
 
 
 [2]
 The narrow issue facing the Court in Floyd was whether the "bodily injury" requirement was satisfied when a passenger suffered emotional injury only. 499 U.S. at 536, 111 S.Ct. at 1494. The Court held that "Article 17 does not allow recovery for purely mental injuries." Id. at 534, 111 S.Ct. at 1493. As the plaintiffs in Floyd did not allege any physical manifestation of their emotional injuries, the Court's suggestion that a physical manifestation would be sufficient to permit recovery under Article 17 went beyond the facts of the case and was not essential to its narrow holding