**Kathy WEAVER, plaintiff,**

v.

**DELTA AIRLINES, INC., a Delaware corporation, Defendant.**

**No. CV 98–151–BLG–JDS.**

United States District Court,
D. Montana,
Billings Division.

June 30, 1999.

L. Randall Bishop, Jarussi & Bishop, Billings, MT, for Kathy Weaver, plaintiff.

Carolyn S. Ostby, David M. Wagner, Ian McIntosh, Crowley, Haughey, Hanson, Toole & Dietrich, Billings, MT, for Delta Airlines, Inc., defendant.

## ORDER

SHANSTROM, Chief Judge.

This Order resolves the motion of Delta Airlines, Inc. (Delta) for summary judgment [Doc. No. 12] and the motion of Kathy Weaver for partial summary judgment [Doc. No. 17].

## BACKGROUND

In this action arising under the Warsaw Convention, Weaver seeks compensation for injuries received as a passenger on a Delta flight from London to Billings on November 7, 1996. In that flight, mechanical problems necessitated an emergency landing in Dayton, Ohio. Delta admits that the emergency landing was an "accident on board" the aircraft as those terms are used under the Warsaw Convention. (*See* Delta's Statement of Uncontroverted Facts [Doc. No. 13] at 2–3.) During the emergency landing, Weaver experienced terror and felt physical manifestations of that terror. (*Id.*) Subsequently, Weaver sought medical treatment for emotional and physical problems attributable to her flight experiences, and she was diagnosed with, and received treatment for, post-traumatic stress disorder. (*Id.* at 3–4.)

Delta asserts that Article 17 of the Warsaw Convention precludes recovery for this type of injury. Delta explains that Delta can be liable only for wounding or other bodily injury. Delta cites the holding of the United States Supreme Court in *Eastern Airlines, Inc. v. Floyd,* 499 U.S. 530, 532, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991), which requires that compensable injuries under the Warsaw Convention must be "bodily injuries" with "a distinctly physical scope." Finally, Delta explains that one of the purposes of the Warsaw Convention is to ensure strict liability for injured passengers, while limiting the types of compensable injury and the amount of recovery.

By contrast, Weaver asserts that she suffered physical injury and physical manifestations of injury. Thus, she argues,

the Warsaw Convention's prohibition against recovery for purely psychic injury is not applicable to this case. Specifically, Weaver explains that, in recent years, medical science has determined that extreme stress causes actual physical brain damage, i.e., physical destruction or atrophy of portions of the hippocampus of the brain. Weaver attaches several articles from scientific journals and expert reports in support. Weaver asserts that her diagnosed post-traumatic stress disorder arose from the physical changes in her brain brought on during the extreme stress of the emergency landing.

## APPLICABLE LAW

The Warsaw Convention provides in pertinent part (as translated from French, the language in which the original was written): "The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger." Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, art. 17, 49 Stat. 3000, T.S. 876 (the Warsaw Convention). The parties agree that the Warsaw Convention allows recovery in this case only if Weaver's injury is a "bodily injury."

In *Floyd*, the Supreme Court considered a case in which the plaintiffs sought "damages solely for mental distress," *Floyd*, 499 U.S. at 533, 111 S.Ct. 1489, arising from "injury caused by fright or shock," *id.* at 540, 111 S.Ct. 1489. The Court agreed that a plausible interpretation of "lesion corporelle" (the French language translation of "bodily injury") might include "purely mental injuries." *Id.* at 542, 111 S.Ct. 1489. However, the Court considered that "in 1929 the parties [to the Convention] were more concerned with protecting air carriers and fostering a new industry than providing full recovery to injured passengers, and we read [bodily injury] in a way that respects that legislative choice." *Id.* at 546, 111 S.Ct. 1489. The Court eventually concluded that "an

air carrier cannot be held liable under Article 17 when an accident has not caused a passenger to suffer death, physical injury, or physical manifestation of injury." *Id.* at 552, 111 S.Ct. 1489. Similarly, in a summary at the beginning of its opinion, the Court stated: "We now hold that Article 17 does not allow recovery for purely mental injuries." *Id.* at 534, 111 S.Ct. 1489.

In cases since *Floyd*, courts have followed its holding and denied recovery for "psychic" or "mental" or "emotional" injuries where there was no accompanying bodily injury. *See, e.g., Terrafranca v. Virgin Atlantic Airways Ltd.*, 151 F.3d 108 (3d Cir.1998) (summary judgment affirmed against plaintiff alleging post-traumatic stress disorder and weight loss as a "physical manifestation" of emotional injury); *Jack v. Trans World Airlines, Inc.*, 854 F.Supp. 654, 664 (N.D.Cal.1994) (declining to consider an expert's opinion regarding the "intrinsic physical effects" of emotional distress because it "would eviscerate *Floyd*").

## DISCUSSION

The central issue in this case is whether Weaver suffered a bodily injury, therefore allowing recovery under the Warsaw Convention. Weaver has presented evidence of physical injury. (*See, e.g.,* Aff. of Dr. Bigler [Doc. No. 19], Ex. 2 at 4 (stating that "Kathy Weaver has a classic case of chronic posttraumatic stress disorder. PTSD has a physical basis [and] this physical basis is secondary to alteration in brain chemistry, physiology, and anatomy."); Aff. of Dr. Yelvington [Doc. No. 20] at 2 (stating that the "impact on Kathy Weaver of the events which occurred on that flight was extreme and included biochemical reactions which had physical impacts upon her brain and neurologic system.").) Weaver has met her burden of showing an absence of any factual issue that the emergency landing physically impacted Weaver's brain.

In response, Delta has not presented evidence sufficient to raise a genuine factual issue. Delta did not file a Statement of Genuine Issues as part of its response to Weaver's motion, as was required by Local Rule 220–3(a). Delta did file the Affidavit of Joseph McElhinny, Psy.D., which critiques the scientific research relied upon by Weaver but, regarding Weaver's condition, notes only (and without explanation) that "there is no evidence that Ms. Weaver suffered any objective brain damage herself." (Aff. of McElhinny [Doc. No. 38], Ex. A at 2.) Apparently, however, McElhinny did not examine Weaver. Under Fed.R.Civ.P. 56(e), "the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial." Here, McElhinny's affidavit does not raise a genuine issue that Weaver's injury is non-physical. Nor does Delta raise a genuine issue that Weaver's post-traumatic stress disorder was caused by something other than the emergency landing. Therefore, no genuine issue of material fact exists, and the Court now turns to the issue of whether Weaver or Delta is entitled to judgment as a matter of law.

Weaver's action here is distinguishable from previous cases, because her claim is presented as a physical injury and she relies on recent scientific research explaining that post-traumatic stress disorder evidences actual trauma to brain cell structures. Weaver's post-traumatic stress disorder evidences an injury to her brain, and the only reasonable conclusion is that it is, in fact, a bodily injury.

More particularly, the injury to her brain should be considered a "bodily injury" as defined under the Warsaw Convention. Granted, Weaver's injury manifests itself in ways that are similar to the "injuries" previously found not compensable in similar cases under the Warsaw Convention. However, the central factor here is not legal, but medical. The legal question in this case is simply whether the Warsaw Convention allows recovery for this particular kind of bodily injury, i.e., a brain injury (even with slight physical effects). The answer must be yes.

The Court is cognizant that the Warsaw Convention chose to preclude recovery for purely psychic injuries, and the Court respects the Supreme Court's determination in *Floyd* that such was a legislative choice. Moreover, the present holding has the potential of allowing for more valid actions under the Warsaw Convention, with the increase attributable only to the increased sophistication of medical science. However, no floodgates of litigation will be opened by allowing for claims such as Weaver's, which are based on a definite diagnosis of a disorder that arises from a physical injury that is medically verifiable. Fright alone is not compensable, but brain injury from fright is. Unlike the plaintiffs in *Floyd* and its progeny, Weaver's injury is a "bodily injury" as defined by the Warsaw Convention.

Accordingly,

**IT IS ORDERED:**

1. The motion of Delta Airlines, Inc. (Delta) for summary judgment [Doc. No. 12] is **denied.**

2. The motion of Kathy Weaver for partial summary judgment [Doc. No. 17] is **granted,** to the extent that Delta is liable and leaving for determination the amount of damages.

3. Pertaining to damages issues, on or before July 16, 1999, the parties shall file with the Court either a jointly proposed schedule of discovery dates or a request for a scheduling conference.

The Clerk of Court shall forthwith notify the parties of this Order.