Michael "Shawn" BLANSETT and Modesta N. Blansett, Individually and as Next Friends of McKenna Blansett and Blake Blansett, Minors, Plaintiffs,

v.

CONTINENTAL AIRLINES, INC., Defendant.

No. CIV.A.G–02–061.

United States District Court,
S.D. Texas,
Galveston Division.

May 15, 2002.

A. Craig Eiland, Attorney at Law, Houston, TX, for Michael Shawn Blansett, Modesta N. Blansett, Individually, and as Next Friends of McKenna Blansett and Blake Blansett, Minors, McKenna Blansett, (Minor), Blake Blansett, (Minors), plaintiffs.

Barclay A. Manley, Fulbright & Jaworski, Houston, TX, for Continental Airlines, Inc., defendants.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS NON–PASSENGER CLAIMS AND GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR TRIAL BY JURY

KENT, District Judge.

Plaintiffs Michael "Shawn" Blansett and Modesta Blansett (collectively "the Blansetts") bring this lawsuit against Defendant Continental Airlines, Inc. ("Continental") seeking to recover damages under the Warsaw Convention[1] for injuries allegedly sustained by Shawn Blansett while riding as a passenger onboard a Continental Airlines flight from Houston, Texas to London, England on June 18, 2001. Specifically, Plaintiffs aver that Shawn Blansett suffered a debilitating cerebral stroke approximately one hour prior to arriving in London that was ostensibly caused by a blood clot that formed during the lengthy flight, a phenomenon typically referred to as "Deep Venous Thrombosis Syndrome" or "Economy Class Syndrome." Plaintiffs further allege that Continental never warned or advised Shawn Blansett of the likelihood of developing a blood clot in the lower extremities, nor allowed an onboard physician to examine or treat Shawn Blansett after he became visibly ill, nor consulted with any third party medical advice service regarding Shawn Blansett's condition, nor relayed critical information to the London ambulance and hospital personnel that eventually treated Shawn Blansett. As a result of this stroke, Plaintiffs claim that 36–year–old Shawn Blansett, who was once an able-bodied husband, father, and corporate executive earning a six-figure salary, is now bound to a wheelchair, unable to walk or talk normally, or even take care of his own basic needs.

On the basis of these events, Plaintiffs filed suit in this Court on January 25, 2002. Shortly thereafter, Continental filed two dispositive motions, a Motion to Dismiss Plaintiffs' Non–Warsaw Convention State Law Claims on March 8, 2002, and a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) on March 11, 2002. On April 26, 2002, the Court issued an Order Denying Defendant's Motion to Transfer Venue and Granting Defendant's Motion to Dismiss Plaintiffs' Non–Warsaw Convention State Law Claims. Now before the Court is Defendant's Motion to Dismiss Non–Passenger Claims, and Plaintiffs' Unopposed Motion for Trial by Jury. For the reasons articulated below, Defendant's Motion to Dismiss Non–Passenger Claims is hereby **DENIED**, and Plaintiffs' Unopposed Motion for Trial by Jury is hereby **GRANTED**.

### I.

#### A. Defendant's Motion to Dismiss Non–Passenger Claims.

In a brief Motion contained within its Original Answer, Continental asks this Court to dismiss the claims of Plaintiff Modesta Blansett, Individually and as Next Friend of McKenna Blansett and Blake Blansett, and Plaintiff Michael Blansett, as Next Friend of McKenna Blansett and Blake Blansett, pursuant to Fed. R.Civ.P. 12(b)(6).[2] Continental maintains

---

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 3014 T.S. No. 876 (1934), note following 49 U.S.C. § 40105

2. A party is entitled to dismissal under Fed. R.Civ.P. 12(b)(6) when an opposing party fails

that the Warsaw Convention is the exclusive remedy for Plaintiffs, and therefore does not provide a cause of action for non-passengers (such as a passenger's spouse and minor children) except in the limited circumstance of a wrongful death claim in which the non-passengers pursue claims on behalf of and as representatives of a deceased passenger. The Court respectfully disagrees.

The Warsaw Convention is an international treaty governing "all international transportation of persons, baggage, or goods performed by aircraft for hire." *El Al Israel Airlines, Ltd. v. Tseng,* 525 U.S. 155, 162, 119 S.Ct. 662, 668, 142 L.Ed.2d 576 (1999). Article 17 of the Convention establishes the conditions under which an airline may be liable for the personal injuries of passengers: "The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking." *See id.* (citing 49 Stat. 3018). Article 24 of the Convention, as amended by the Montreal Protocol No. 4, further instructs: "In the carriage of passengers and baggage, any action for damages, however founded, can only be brought subject to the condi-

tions and limits set out in this Convention ..." *Id.* at 174, 119 S.Ct. at 674.

Interpreting these specific provisions, both the United States Supreme Court and the Fifth Circuit have held that the Warsaw Convention provides the exclusive cause of action for a passenger alleging personal injuries sustained during international air travel, even if the passenger is unable to satisfy the elements necessary to recover under the Convention. *See id.* at 161, 119 S.Ct. at 668 ("We therefore hold that recovery for a personal injury suffered 'on board [an] aircraft or in the course of any of the operations of embarking or disembarking,' Art. 17, 49 Stat. 3018, if not allowed under the Convention, is not available at all."); *Potter v. Delta Air Lines, Inc.,* 98 F.3d 881, 887 (5th Cir.1996) (rejecting the notion that the plaintiff could resort to state law causes of action because she failed to show that an accident had occurred under the Convention). Based on this clear authority, the Court granted Defendant's Motion to Dismiss Plaintiffs' Non–Warsaw Convention State Law Claims on April 26, 2002, and dismissed the Blansetts' state law causes of action for negligence and strict liability.[3]

However, while the Court recognizes that the Warsaw Convention provides the exclusive cause of action for *passengers* injured aboard international flights, it dis-

to state a claim upon which relief may be granted. When considering a 12(b)(6) motion, the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt

that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Home Capital Collateral, Inc. v. FDIC,* 96 F.3d 760, 764 (5th Cir.1996).

3. Of course, it is evident from Plaintiffs' Original Complaint that the state law causes of action for negligence and strict liability were asserted only by Plaintiff Shawn Blansett, since the other Plaintiffs did not suffer any direct injuries as a result of Defendant's conduct.

agrees that the Warsaw Convention necessarily bars related claims brought by non-passenger plaintiffs. In *Zicherman v. Korean Air Lines Co., Ltd.,* 516 U.S. 217, 116 S.Ct. 629, 133 L.Ed.2d 596 (1996), the Supreme Court determined that "in an action brought under Article 17, the law of the Convention does not affect the substantive questions of who may bring suit and what they may be compensated for. Those questions are to be answered by the domestic law selected by the courts of the contracting states." *Id.* at 634. In short, "Articles 17 and 24(2) provide nothing more than a pass-through, authorizing us to apply the law that would govern in absence of the Warsaw Convention." *Id.* at 229, 116 S.Ct. at 636. Although few courts have extensively addressed the viability of loss of consortium claims in the post-*Zicherman* era, the Court interprets *Zicherman* to permit non-passenger plaintiffs to bring any claims otherwise allowed under the applicable domestic law. This interpretation comports with the plain language of Article 24, which authorizes recovery under Article 17 "without prejudice to the questions as to who are the persons who have the right to bring suit and what are their respective rights." 49 Stat. 3018. Additionally, other federal courts seem to have expressly or impliedly adopted this interpretation. *See, e.g., Alvarez v. American Airlines, Inc.,* No. 98 Civ. 1027(MBM), 1999 WL 691922, at *5–6 (S.D.N.Y. Sept.7, 1999) (recognizing the cognizability of the non-passenger spouse's claim for loss of consortium under New York law, but ultimately dismissing the claim because it was derivative to the passenger's claim, which had failed to satisfy the injury requirement under the Warsaw Convention). *See also, e.g., Haldimann v. Delta Airlines, Inc.,* 168 F.3d 1324, 1324 (D.C.Cir.1999); *Terrafranca v. Virgin Atlantic Airways, Ltd.,* 151 F.3d 108, 109 (3d Cir.1998) (both involving loss of consortium claims brought by non-passenger spouses).

In the case at hand, Plaintiffs contend, and Continental does not dispute, that Texas law governs the loss of consortium claims lodged by non-passenger spouse Modesta Blansett, and non-passenger children McKenna Blansett and Blake Blansett. In Texas, it is well settled that spouses and dependent children may bring derivative actions for loss of consortium. *See Reagan v. Vaughn,* 804 S.W.2d 463, 467 (Tex.1990) ("We hold that children may recover for loss of consortium when a third party causes serious, permanent, and disabling injuries to their parent."); *Whittlesey v. Miller,* 572 S.W.2d 665, 668 (Tex. 1978) ("Therefore, we hold that either spouse has a cause of action for loss of consortium that might arise as a result of an injury caused to the other spouse by a third party tortfeasor's negligence.") In light of the Supreme Court's holding in *Zicherman,* and because Continental does not cite a single authority to the contrary, the Court concludes that the Warsaw Convention does not preempt the loss of spousal and parental consortium claims brought under Texas law by Modesta Blansett, Individually and as Next Friend of McKenna Blansett and Blake Blansett, and Plaintiff Michael Blansett, as Next Friend of McKenna Blansett and Blake Blansett. Consequently, Defendant's Motion to Dismiss Non–Passenger Claims is hereby DENIED.

**B. Plaintiffs' Unopposed Motion for Trial by Jury**

On May 1, 2002, Plaintiffs filed an Unopposed Motion for Trial by Jury. Rule 39 of the Federal Rules of Civil Procedure instructs that an action shall be designated as a jury action when demanded by a party, unless the parties consent to a trial by the court sitting without a jury,

or the court finds that a right of trial by jury of some or all of the issues does not exist under the Constitution or other federal statute. *See* Fed.R.Civ.P. 39(a). Because the issues in this lawsuit are appropriate for jury determination, and because Continental offers no opposition to the Blansetts' request, Plaintiffs' Unopposed Motion for Trial by Jury is hereby **GRANTED.**

## II.

For all of the reasons set forth above, the Court hereby **DENIES** Defendant's Motion to Dismiss Non–Passenger Claims, and hereby **GRANTS** Plaintiffs' Unopposed Motion for Trial by Jury. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**