

Villanova University School of Law
Villanova University School of Law Digital Repository

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2004

# Bobian v. Czech Airlines

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1262

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bobian v. Czech Airlines" (2004). *2004 Decisions.* Paper 908.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/908

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1262
_____

BOB BOBIAN; FRANCISCO BONILLA; APOLONIO CASTILLEJA;
CARLOS CHAVEZ; ERIC DICESARE; MIGUEL ESCAMILLA;
RAUL F. GARZA; RUBEN GONZALES; JOSE GUAJARDO;
JAQUES A. HOWARD; JAIME JIMINEZ; JUAN CARLOS JIMINEZ;
MARIA JIMINEZ; VALENTINE MARTINEZ; MARIO MENCOS;
RUBEN MENDEZ; SUSAN MENDEZ; JOSE PABLO MONROY;
DEMETRO MONTERO; VICTOR QUINONES; JOSE SANTOS;
DEBORAH TOWNSEND; GENE TOWNSEND; KAYLA TOWNSEND;
BRENDA WALKER; MICHAEL WALKER,

*Appellants*

v.

CZECH AIRLINES;
CONTINENTAL AIRLINES, a foreign corporation for profit

Czech Airlines, *Appellee*

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 02-cv-01627)
District Judge: Honorable Dickinson R. Debevoise
_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2004
Before: AMBRO, CHERTOFF and BECKER,
*Circuit Judges*

(Filed:  March 29, 2004)

BECKER, *Circuit Judge.*

This is an appeal from an order of the District Court entering judgment under Fed. R. Civ. P. 54(b) on its order of October 30, 2002 granting the motion for partial summary judgment of defendant CSA Czech Airlines (Czech Air). The District Court entered judgment against twenty-eight of the twenty-nine plaintiff-appellants on the ground that they had not shown evidence of "bodily injury" sustained on Czech Air Flight 52 on September 16, 1999 that might be compensable under Article 17 of the Warsaw Convention.[1] For the reasons that follow, we agree that Judge Debevoise's decision was correct, hence we affirm. Because the parties are fully familiar with the background facts and procedural history we need not set them forth, and limit our discussion to our *ratio decidendi.*

It is undisputed that the plaintiffs were fare paying passengers on Flight 52 en route from Prague, Czech Republic to Newark, New Jersey on September 16, 1999. Plaintiffs allege that Czech Air recklessly and intentionally—to save money that would be incurred by a missed flight connection—flew the aircraft into Hurricane Floyd, subjecting

---

[1]With respect to the remaining plaintiff, Eugene Townsend, Czech Air was granted summary judgment as to claims arising from all asserted injuries except a heart attack that Townsend apparently suffered as a result of turbulence on Flight 52.

plaintiffs to forty-five minutes of physical battery and sheer terror of almost certain death. They allege that, as a result of Czech Air's "willful, reckless and intentional acts," plaintiffs suffered severe "physical injuries and physical manifestations of emotional injuries, including physical injuries, physical assault and battery upon their persons, conscious pain and suffering, emotional trauma, mental anguish, physical manifestation of emotional trauma, loss of enjoyment of life, medical expenses, roll, pitch, yaw, acceleration, deceleration, positive and negative Gs."

Plaintiffs' central claim is that they suffer from the physical injury of post-traumatic stress disorder ("PTSD") which they maintain is physically based in the neurochemical and neurophysiologic reactions in critical brain areas dedicated to emotional control and regulation. In their submission, the phrase is used to describe the symptoms exhibited by those persons who suffer physical injury and physical damage to the brain as a result of the excessive release of excitatory neurotransmitters that produce a local excitotoxic reaction and over-abundant release of glucocorticoids. These biochemical releases, which occur during times of extreme stress, are said to physically damage and kill cells within the brain, resulting in physical destruction (atrophy) of portions of the hippocampus of the brain.

Plaintiffs are well aware that Warsaw Article 17 allows recovery for "bodily injury" but not for mental, psychic or emotional injury, and that, under our jurisprudence, a claimant alleging bodily injury under Article 17 must demonstrate that he suffered a

3

"palpable, conspicuous physical injury." We have specifically rejected as Warsaw-compensable injuries post-traumatic stress disorder and related emotional maladies, which are what plaintiffs allege here. *See Terrafranca v. Virgin Atl. Airways Ltd.*, 151 F.3d 108 (3d Cir. 1998). They seek to evade our construction of the "*lesion corporelle*" provision of the Warsaw Convention by contending that post-traumatic stress has caused physical changes to their brain cells and that those changes supply the "bodily injury" required by Article 17.

We agree with Judge Debevoise that the relationship between the physical and emotional dimensions of human existence was well known to the drafters of the Warsaw Convention who nonetheless required "*lesion corporelle*." In our view, plaintiffs' position on post-traumatic stress disorder would abolish the requirement of palpable and conspicuous physical injury, but this can only be done by a change to the language of the Convention. We also note that none of the plaintiffs has brought forward cognizable evidence that his or her brain has changed physically from an earlier state. Our view is supported by a very recent exhaustive and scholarly decision, *Ehrlich v. American Airlines, Inc.*, 2004 WL 419438 (2d Cir. March 8, 2004), where Judge Meskill held that a carrier may be liable under Article 17 for mental injuries only if they are caused by bodily injuries.

Plaintiffs cite cases from other jurisdictions in an effort to support their claims, but we are bound by *Terrafranca*, and are, at all events, unpersuaded by their authority.

4

We have not dwelled on plaintiffs' arguments that: (1) the Southern District of Texas erroneously transferred this case to the District Court for the District of New Jersey in violation of its prior orders allowing for briefing of the transfer issues; (2) the Texas District Judge's purported affirmation of his transfer order after that Court had divested itself of jurisdiction has no legal significance; and (3) venue was improper in New Jersey. We do not have the power to review Judge Hoyt's original transfer order (as opposed to Judge Debevoise's order declining to retransfer); that review is available only through mandamus or certification to the Fifth Circuit. Plaintiffs did not timely seek either of those remedies in the Fifth Circuit. We also think that Judge Debevoise correctly refused to retransfer the underlying action to the Southern District of Texas. We note in this regard that Judge Debevoise correctly concluded that a "substantial portion" of the events or omissions giving rise to the claim occurred in New Jersey. Finally, any procedural error Judge Hoyt may have made was promptly cured, was harmless and is, at all events, unreviewable by this Court.

The judgment of the District Court will be affirmed.